UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 11-305-KSF

LESLIE MELTON                                                        PLAINTIFF

vs.                            **OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                     DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion for Summary Judgment to reverse the decision of the Commissioner denying her application for supplemental security income and disability insurance benefits (DE #10) and Defendant's motion for Summary Judgment to affirm that decision (DE #11). Having been fully briefed, these motions are ripe for review.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed an initial application for disability benefits on January 22, 2010, claiming disability since September 24, 2008. This claim was denied initially and upon reconsideration by the agency, then by Administrative Law Judge ("ALJ") Reynolds. Plaintiff's subsequent request for a review by the Appeals Council was denied. Plaintiff has appealed her denial of benefits to this Court.

At the time of the hearing before ALJ Reynolds, Plaintiff was forty-two years of age with a twelfth grade education. Her work history included dental office secretary, furniture store sales person and assistant manager, and shoe store manager. At the time of the hearing, Plaintiff was still working 12 hours a week in a dental office, making about $100-$125 a week. ALJ Reynolds

1

found that Plaintiff suffered from severe impairments including chronic low back pain secondary to mild lumbar scoliosis and spina bifida occulta, history of sick sinus syndrome, status post pacemaker placement, fibromyalgia, erythema nodosum, left hip osteoarthritis, and obesity (Tr., p. 10).[1]

In spite of the Plaintiff's listed impairments, ALJ Reynolds found that the Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (Tr., p. 11). Because the Plaintiff does not have an impairment that meets or equals those set out in the guidelines, ALJ Reynolds proceeded to determine the Plaintiff's residual functional capacity ("RFC"). ALJ Reynolds determined that the Plaintiff did have an RFC to perform a limited range of light work precluding the Plaintiff's claim for benefits (Tr., p. 16-17). This determination was based on a number of Medical Opinions from treating physicians, non-treating physicians, and non-examining physicians, as well as the Plaintiff's oral testimony at the hearing (Tr., p. 17-18). The ALJ's opinion became the final decision of the Commissioner when the Appeals Council declined Melton's request for review.

In this appeal, Plaintiff challenges ALJ Reynolds' decision as failing to accord appropriate weight to the opinion of Dr. Wicker, whom Plaintiff claims is the treating physician and should be accorded controlling weight (DE #10, p. 4-5). The Plaintiff further claims that the decision of an RFC of light work is not supported by substantial evidence (DE #10, p. 5-6). Because the Plaintiff claims that the ALJ's RFC determination was incorrect, she also claims that

---

[1] "Tr." denotes citation to the administrative record.

2

the Vocational Expert's testimony regarding past relevant work and other work was incorrect because it was based on an improper RFC (DE #10, p. 7).

## II. ANALYSIS

### A. Standard of Review

"Disability" is defined as "the inability to engage in 'substantial gainful activity,' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423 (d)(1)(A)). In determining whether a claimant has a compensable disability under the Social Security Act, the Commissioner must follow a five step "sequential evaluation process." 20 C.F.R. § 404.1520(a)-(e); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The ALJ properly conducted the five step sequential evaluation required by statute; therefore, review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and whether the proper legal standards were followed. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).

The substantial evidence standard requires the Court to affirm the Commissioner's final decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardon v. Perales*, 402 U.S. 389, 401 (1971). Therefore, "even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). The court must review the record as

a whole and take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The opinion of a treating physician(s) must be considered together with other relevant evidence to determine whether the opinions are internally consistent, externally consistent with the record as a whole, and supported by clinical findings. 20 C.F.R. §§ 404.1527(b), (c), (d)(3)-(4). A disability opinion by a treating physician is to be given controlling weight only if it is consistent with other evidence and supported by clinical and laboratory findings. 20 C.F.R. §§ 404.1527(b), (d)(2), (3)-(4); Social Security Ruling ("SSR") 96-2P, 1996 WL 374188. The opinion of a non-treating physician is to be given lesser weight than those of a treating physician, and the opinions of non-examining physicians are to be given the least weight.[2]

### B. Whether There is Substantial Evidence to Support ALJ Reynolds' Findings

Plaintiff asserts that the ALJ improperly disregarded the RFC Questionnaire of her treating physician, Dr. Wicker, who opined that the Plaintiff could only be expected to perform sedentary work, could not lift more than 10 pounds, nor stand or walk for more than 2 hours in an 8-hour day. (Tr., p. 398). Generally, a treating physician's opinion is given controlling weight if

---

[2] A "nonexamining source" is "a physician, psychologist, or other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case." A "nontreating source" (but examining source) has examined the claimant "but does not have, or did not have, an ongoing treatment relationship with" her. A treating source, accorded the most deference by the SSA, has not only examined the claimant but also has an "ongoing treatment relationship" with her consistent with accepted medical practice.
When evaluating medical opinions, the SSA will generally "give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined" her. The SSA will give the most weight "to opinions from [the claimant's] treating sources, since these sources are likely to be medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)...." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007)(citations omitted).

it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). If controlling weight is not given to the treating physician's opinion, then the ALJ must balance a number of factors to determine the appropriate weight to give. He must balance "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).

Further, if the ALJ does not give good reasons for disregarding the treating physician's opinion nor sufficiently conduct an analysis of the weights given, then the ALJ's decision is not based on substantial evidence. *Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937 (6th Cir. 2011). Good reasons are defined as those "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id*. at 937. Essentially, if these procedures are not followed with regards to the treating physician's opinion, then the ALJ's decision is deemed not to have been based on substantial evidence and the case would require remand to alleviate these procedural issues. However, as the Defendant asserts, ALJ Reynolds' decision is based on substantial evidence, and will therefore be upheld, due to a number of factors.

The definition of a treating physician is a physician that "has, or has had, an ongoing treatment relationship" with the Plaintiff. 20 C.F.R. § 404.1502. While the Plaintiff asserts that Dr. Wicker is the only treating physician that should be given controlling weight, presumably

5

because he placed the most limitations on the Plaintiff's ability to work. It is clear from the record that the Plaintiff has had a number of treating physicians. All treating physicians should have a bearing on the determination of the Plaintiff's RFC, particularly if they are contradictory. 20 C.F.R.§§ 404.1527(d), 416.927(d); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (the ALJ should give the treating physician's opinion controlling weight if it "is not inconsistent with the other substantial evidence in the case record.")(citing 20 C.F.R. § 404.1527(d)(2)). In addition to Dr. Wicker, it is clear from the record that both Dr. Pampati and Dr. Yalamanchi are treating physicians, that is, they have an ongoing relationship with the Plaintiff (Tr., pp. 31 and 34-35).

    While these doctors did not complete an RFC Opinion, their examination notes and other evidence in the record indicate that the Plaintiff is capable of partaking in light work and the ALJ properly relied upon them. Dr. Yalamanchi's notes indicate that the Plaintiff should, in order to prevent further issues regarding her pacemaker and frequent visits regarding chest pain, "follow a low cholesterol diet, low sodium diet, exercise regularly and control risk factors." (Tr., p. 386). Dr. Yalamanchi advised the Plaintiff on a number of occasions to exercise regularly. Additionally, according to the ALJ, Dr. Yalamanchi, unlike Dr. Wicker, did not restrict the Plaintiff from all work activities (Tr., p. 17).

    Dr. Pampati's notes also support the ALJ's conclusion that the Plaintiff can partake in at least light work. Dr. Pampati notes that the Plaintiff does have fibromyalgia, but that this disorder is treatable if the doctor's recommendations are followed (Tr., p. 330). Additionally, treatment notes from March 2009 (six months after Plaintiff claimed total disability) showed that the Plaintiff had normal range of motion in all extremities with no deficits noted, and normal gait

and balance (Tr., p. 425). Thus, two treating physicians provide substantial evidence that contradicts the opinion of Dr. Wicker. Therefore, ALJ Reynolds' decision to discount the highly restrictive RFC of Dr. Wicker, is supported by substantial evidence.

In addition to the competing opinions of the treating physicians, there are a number of inconsistent secondary medical opinions. The opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts. See, *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6thCir. 2003); 20 C.F.R. §§ 404.1527(d), 416.927(d). Notwithstanding the fact that other treating physicians' evidence contradicts that of Dr. Wicker, there are other medical experts, and the Plaintiff herself, who have testified regarding the Plaintiff's ability to do light work, as the ALJ ruled.

Dr. Caudill, a non-examining state agency physician[3] conducted an RFC that differs substantially from the RFC of Dr. Wicker. Dr. Caudill found, based on the Plaintiff's medical record, that she could occasionally lift 50 pounds, frequently lift 25 pounds, stand and/or walk for a total of about 6 hours in an 8-hour workday, sit for a total of 6-hours in an 8-hour workday (Tr., p. 389). Therefore, Dr. Caudill's RFC allows for considerably more work than that of Dr. Wicker and implies that the Plaintiff may be able to engage in medium work[4] (See, Tr., p. 12, 389-395). Dr. Caudill's opinion, as a state agency consultant and expert in Social Security disability, may

---

[3] A "nonexamining source" is "a physician, psychologist, or other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007)

[4] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c).

be entitled to great weight if his opinion is supported by the evidence in the record. 20 C.F.R. § 404.1527(f)(2)(I). The ALJ noted that Dr. Caudill's RFC opinion was supported by medical evidence, while also undermining the highly restrictive RFC opinion of Dr. Wicker (Tr., p. 12). Ultimately, as noted by the ALJ, but for Dr. Wicker's opinion evidence, all of the medical evidence is "consistent in its lack of any finding of disability on the part of either examining, treating, or reviewing medical personnel." (Tr., p. 18). This is certainly strong evidence that the ALJ's decision was supported by substantial evidence, indeed the ALJ gave it great weight in his decision. (Tr., p. 18).

In addition to inconsistent medical opinions, the Plaintiff's own testimony regarding her work activity undermines the restrictive RFC of Dr. Wicker, which the Plaintiff urges the Court to rely upon. After the alleged onset date of Plaintiff's disability, she continued to work part time at a dental office (Tr., p. 17, 35-36). While this part-time work is not dispositive, it undermines the credibility of the Plaintiff's allegations. *Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999). ALJ Reynolds did not focus on the Plaintiff's testimony in order to come to his conclusion; her testimony made up one part of the whole necessary to reach the substantial evidence standard. Indeed, it is clear from ALJ Reynolds' decision that it was based on substantial evidence. ALJ Reynolds did not improperly discount the restrictive RFC of Dr. Wicker because Dr. Wicker was not the only treating physician and there was substantial and reliable contradictory evidence upon which a conclusion could reasonably be based.

The ALJ properly relied upon objective medical evidence and evidence of the Plaintiff's activities in order to determine a reasonable RFC. The Plaintiff claims that because the RFC was incorrect the Vocational Expert's testimony regarding past relevant work and other work was

8

based on an improper hypothetical. Because ALJ Reynolds' RFC determination was based on substantial evidence, the merits of Plaintiff's claim against the Vocational Expert's testimony do not need to be addressed.

### III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**

1. Plaintiff's Motion for Summary Judgment (DE #10) is **DENIED**

2. The Commissioner's Motion for Summary Judgment (DE #11) is **GRANTED**

3. Judgment in accordance with this opinion will be entered contemporaneously herewith.

This May 29, 2012.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge